### In re PHASE–I MOLECULAR TOXICOLOGY INC., a Delaware Corporation, Debtor.

#### No. 11–02–15145 MS.

United States Bankruptcy Court, D. New Mexico.

Oct. 24, 2002.

Robert H. Jacobvitz, Albuquerque, NM, for Debtor.

James A. Askew, Albuquerque, NM, for Spencer Farr and Susan Roubidoux.

Paul M. Fish, Albuquerque, NM, for Tullis–Dickerson.

John D. Phillips, Albuquerque, NM, for Catherine Burtram and Herb Whittaker.

*ORDER DENYING DEBTOR'S MO-TION FOR FINAL ORDER (1) AU-THORIZING DEBTOR TO INCUR POST–PETITION SECURED IN-DEBTEDNESS, (2) GRANTING AD-EQUATE PROTECTION AND (3) GRANTING OTHER RELIEF*

MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court on the Debtor's Motion for a Final Order (1) Authorizing Debtor to Incur Post–Petition Secured Indebtedness, (2) Granting Adequate Protection and (3) Granting Other Relief ("Motion"). The Motion seeks authorization for post-petition financing from Tullis–Dickerson Capital Forces II, L.P., a Delaware limited partnership, or its assignee(s) ("Tullis–Dickerson") pursuant to 11 U.S.C. §§ 364(c) and (d). Concurrently with the Motion, Debtor filed Debtor's Emergency Motion for an Interim Order (1) Authorizing Debtor to Incur Post–Petition Secured Indebtedness, (2) Granting Adequate Protection and (3) Granting Other Relief, and for Expedited Hearing to Avoid Irreparable Harm ("Emergency Motion"). Following a hearing on the Emergency Motion, the Court approved an interim order authorizing $75,000 of the total $275,000 post-petition financing requested by the Debtor in its Motion. *See* Interim Order (1) Authorizing Debtor to Obtain Secured Financing, (2) Granting Adequate Protection and (3) Granting Other Relief, entered September 18, 2002. The Court then held a final hearing on the Motion on September 27, 2002, at which time the Court took the matter under advisement.

After reviewing the Motion and the objection thereto, considering all evidence presented at the final hearing on the Motion, and being otherwise fully informed, the Court finds that the Debtor has not met its burden of proving that the proposed post-petition financing arrangement with Tullis–Dickerson meets the requirements of 11 U.S.C. §§ 364(c) or (d).[1]

■ In order to secure approval of post-petition financing pursuant to 11 U.S.C. §§ 364(c) and/or (d), the debtor-in-possession bears the burden of proving the following:

first, that the proposed financing is an exercise of sound and reasonable business judgment; second, that no alternative financing is available on any other basis; third, that the financing is in the best interests of the estate and its creditors; and, as a corollary to the first three points, that no better offers, bids, or timely proposals are before the Court.

*In re Western Pacific Airlines, Inc.,* 223 B.R. 567, 572 (Bankr.D.Colo.1997). Other

---

1. Those sections provide:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

(d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

(A) the trustee is unable to obtain such credit otherwise; and

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

11 U.S.C. §§ 364(c) and (d).

iterations of these basic requirements include showing that 1) the financing arrangement is necessary to preserve assets of the estate, and 2) the arrangement is otherwise fair and reasonable. *In re Crouse Group, Inc.*, 71 B.R. 544, 546 (Bankr.E.D.Pa.1987).

■ Debtor has failed to meet its burden of showing that no alternative financing is available on any other basis. The proposed post-petition lender, Tullis–Dickerson, already holds a pre-petition security interest in substantially all of the Debtor's assets to secure loans in the amount of approximately $300,000.00. Tullis–Dickerson is also Debtor's largest shareholder. Debtor offered no evidence or testimony that it approached any other lender for financing. In fact, Dr. Albert Lee, the Debtor's president and chief executive officer, testified that the Debtor did not request a loan from any party other than Tullis–Dickerson. He reasoned that, given the Debtor's current state of affairs, with little or no equity or value in the Debtor's few assets and only one customer who recently cut back its contract, the Debtor would be unable to show a bank or other lending institution that the Debtor would be a good lending risk. Ms. Kathy Rocke, the Debtor's director of operations, also testified that the Debtor did not approach any other lenders post-petition because the Debtor did not think it would be able to obtain financing from any other lender. While these factors may explain why the Debtor did not seek post-petition financing elsewhere, it is an insufficient showing that the Debtor attempted to obtain alternative financing but was unable to do so as required for approval of post-petition lending under 11 U.S.C. § 364(c). *See In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y.1990) ("although a debtor is not required to seek credit from every possible source, a debtor must show that it has made a reasonable effort to seek other sources of credit available under section 364(a) & (b).") (citations omitted); *In re Crouse Group, Inc.*, 71 B.R. 544, 550 (Bankr.E.D.Pa.1987) (finding that debtors who approached only one lending institution failed to show "the requisite exhaustive unsuccessful efforts to obtain credit on terms in accordance with § 364(b).").

The Court also notes that the term of the proposed post-petition financing will terminate either on November 1, 2002, or on the effective date of a confirmed plan of reorganization, whichever is earlier, raising concerns that the proposed lending will do little towards preserving assets of the estate.

Finally, Debtor asserts that the proposed lending is necessary to meet payroll and other ordinary and necessary business and/or administrative expenses, and that the proposed lending is in the best interest of creditors because it will allow the Debtor to proceed to confirmation, now set for final hearing on October 31, 2002. The Debtor reasons that because the proposed plan of reorganization contemplates that, under certain circumstances, $160,000.00 contributed by Tullis–Dickerson will be available for distribution to unsecured creditors, and because the proposed post-petition borrowing from Tullis–Dickerson will assist the Debtor through confirmation, the proposed post-petition borrowing is in the best interest of creditors. The Court is not convinced that this reasoning supplies the requisite proof that the proposed post-petition financing from Tullis–Dickerson is in the best interest of creditors. WHEREFORE, IT IS HEREBY ORDERED that the Debtor's Motion for a Final Order (1) Authorizing Debtor to Incur Post–Petition Secured Indebtedness,

(2) Granting Adequate Protection and (3) Granting Other Relief is DENIED.